COMMONWEALTH *vs.* FREDERICK GRIFFIN LEAVEY. April 7, 1971. The defendant Leavey and one Von Handorf were charged with murder in the first degree and with an attempt to commit armed robbery while masked. Leavey was also charged with assault with intent to murder, being armed with a dangerous weapon. In a joint trial under G. L. c. 278, §§ 33A–33G, Von Handorf was acquitted on the two indictments against him and Leavey was found guilty on all indictments. The jury recommended that the death penalty be not imposed on Leavey. Before trial Leavey moved for severance of his trial from that of Von Handorf. No claim was made that severance was required by the rule of *Bruton* v. *United States,* 391 U. S. 123. "The determination . . . as to whether the defendants' or the Commonwealth's substantial rights will be prejudiced by consolidation or severance for trial rests in the sound discretion of the judge." *Commonwealth* v. *Iannello,* 344 Mass. 723, 727. *Commonwealth* v. *Fancy,* 349 Mass. 196, 204. The trial judge did not abuse his discretion in denying the motion. Leavey's motions for directed verdicts of not guilty were properly denied. The evidence permitted findings that Leavey, one Costello, and a third man, acting by prearrangement, went to a restaurant in Saugus to commit a robbery there; that Leavey and Costello carried loaded guns and wore ski masks over their faces; that Leavey carried rolls of tape to be used in binding the victims of the intended robbery; that either Leavey or Costello entered the building in an unsuccessful attempt to commit the robbery; and that during the attempted robbery shots fired by police officers, who were there as the result of a tip that the robbery would be committed, wounded Leavey and killed Costello, and shots fired by Costello wounded one police officer and killed another. The crime of armed robbery is punishable by a maximum sentence of life imprisonment. G. L. c. 265, § 17. "Murder committed . . . in the

commission or attempted commission of a crime punishable with death or imprisonment for life, is murder in the first degree." G. L. c. 265, § 1. Whether, as Leavey contends, he had terminated his participation in the common enterprise before one police officer was killed and another was wounded was a question of fact which the trial judge properly submitted to the jury for determination, with appropriate instructions. The judge did not give the instructions in the form requested by Leavey, but he instructed the jury adequately and correctly thereon in accordance with the rules stated in *Commonwealth* v. *Green*, 302 Mass. 547, 554–555, *Commonwealth* v. *Lussier*, 333 Mass. 83, 90, *Commonwealth* v. *Devlin*, 335 Mass. 555, 571, *Commonwealth* v. *Dellelo*, 349 Mass. 525, 529–531, and *Commonwealth* v. *Johnson*, 352 Mass. 311, 321. In accordance with G. L. c. 278, § 33E, we have examined and considered all of the evidence in the case and the law applicable thereto, and we are of the opinion that justice does not require a new trial or the entry of a verdict of a lesser degree of guilt on the indictment charging murder.

*Judgments affirmed.*

*John A. McNiff* for the defendant.
*John N. Nestor*, Assistant District Attorney, for the Commonwealth.